**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                                                          **PLAINTIFF**

v.                                    Case No. 4:21-CR-00129-01-LPR

**CLIFFORD CRISWELL, JR.**                                                                                          **DEFENDANT**

## ORDER

Defendant's Motion to Reduce Sentence (Doc. 73) is DENIED.

Defendant requests a sentence reduction based on guideline Amendment 821's retroactive changes to "status points." Although Defendant received status points, he was sentenced as a career offender, which means his criminal history score remains VI and his guideline range is unchanged.[1]

Additionally, Defendant's plea agreement provides that he "waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 23rd day of January, 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. 51.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).